Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| GABRIEL COLÓN VALDERRAMA<br>**Recurrente**<br><br>Vs.<br><br>DPTO. TRANSPORTACIÓN Y OBRAS PÚBLICAS<br>**Recurrida** | KLRA202300521 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Trasportación y Obras Públicas<br><br>Querella Núm. 2023-SP-004<br><br>SOBRE: Reglamento 9459 para Establecer Sistema de Puntos para los Conductores |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

Hernández Sánchez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de noviembre de 2023.

El 5 de octubre de 2023, el señor Gabriel Colón Valderrama (señor Colón Valderrama o parte recurrente) compareció ante nos mediante un *Recurso de Revisión* y solicitó la revocación de una *Resolución* que se emitió y notificó el 5 de septiembre de 2023 por la Directoría de Servicios al Conductor del Departamento de Transportación y Obras Públicas (DTOP o parte recurrida). Mediante el aludido dictamen, el DTOP declaró No Ha Lugar la apelación de la parte recurrente. Consecuentemente, le suspendió al señor Colón Valderrama su certificado de licencia de conducir número 6213429, por el término de tres (3) años, conforme al Inciso C, (3)(d) del Reglamento Núm. 9459, también conocido como *Reglamento para Establecer Sistema de Puntos para los Conductores* que se aprobó el 10 de mayo del 2023 (Reglamento 9459).

Por los fundamentos que expondremos a continuación, **REVOCAMOS** la *Resolución* recurrida.

Número Identificador

SEN2023 _____

I.

El 10 de febrero de 2023, la Sra. Eileen M. Vélez Vega (señora Vélez Vega), secretaria del DTOP, remitió una carta al señor Colón Valderrama en la cual le informó que le suspendió su certificado de licencia de conducir por un término de tres (3) años, conforme a la Ley Núm. 22 de 7 de enero de 2000, según enmendada, mejor conocida como *Ley de Vehículos y Tránsito de Puerto Rico* (Ley Núm. 22-2000) y el Reglamento 9459, *supra.* [1] Asimismo, le apercibió de que podía solicitar una vista administrativa para oponerse a la suspensión ante el DTOP dentro del término de veinte (20) días siguientes a la fecha de la notificación de la carta. Por último, le informó que podía comparecer a la vista administrativa presentando su propia defensa o asistido por un abogado. Cabe precisar que, la referida carta estaba acompañada del *Informe del Sistema de Puntos* y la *Certificación Oficial de Multas Administrativas a Licencia* de la parte recurrente, ambos documentos con fecha de 17 de abril de 2023.

Posteriormente, el 17 de marzo del 2023, el señor Colón Valderrama remitió una carta al DTOP intitulada *Solicitud de Vista Administrativa al Amparo del Reglamento 7977 del DTOP (Número de Certificado de Licencia de Conducir 6213429).* [2] En síntesis, solicitó la celebración de una vista administrativa para dilucidar la intención de suspensión del certificado de su licencia de conducir por parte del DTOP.

Así las cosas, el 16 de mayo de 2023, el DTOP emitió una *Notificación de Vistas Administrativas.* [3] En esta, se le indicó a la parte recurrente que se celebraría una vista administrativa el 7 de junio de 2023, a las 9:00am en la Directoría de Servicios al

---

[1] Véase, págs. 1-3 del apéndice del recurso.
[2] Íd., págs. 5-6.
[3] Íd., pág. 7.

Conductor. A su vez, les advirtió a las partes que tenían derecho de estar asistidos por abogado, a ser oídos, a exponer sus posiciones y a presentar prueba en la vista adjudicativa.

Luego de que se celebró la vista administrativa, el 18 de julio de 2023, el oficial examinador que la presidió, presentó su *Informe y Recomendación del Oficial Examinador* (Informe). En este recomendó declarar No Ha Lugar a la apelación del señor Colón Valderrama y, en consecuencia, declaró Ha Lugar la determinación del DTOP en cuanto a la suspensión de la licencia de este último conforme al inciso C, número 3(d) del Reglamento 9459, *supra,* el cual disponía que se suspendería la licencia cuando el conductor llegara a 30 puntos o más en un término máximo de tres (3) años. Asimismo, realizó las siguientes determinaciones de hechos:

1. El Sr. Gabriel Colón Valderrama es conductor con número de licencia 6213429, expedida por el Departamento de Transportación y Obras Públicas.

2. Por no estar de acuerdo con la determinación fechada 10 de febrero de 2023, el peticionario por conducto de su representación legal, Lcda. María del C. Ojeda Rodríguez, radicó una Solicitud de Vista Administrativa, por lo que la Directoría de Servicios al Conductor le citó para vista administrativa para el 7 de junio de 2023 a las 8:00 de la mañana según solicitado.

3. Obran en el expediente administrativo los siguientes documentos:

a. Carta de la Sra. Eileen M. Vélez Vega, Secretaria del Departamento de Transportación y Obras Pública al peticionario Gabriel Colón Valderrama suspendiéndole su certificado de licencia de conducir número 6213429 por el término de tres (3) años fechada 10 de febrero de 2023.

b. Informe de Sistema de Puntos del peticionario Gabriel Colón Valderrama fechado de 17 de abril de 2023.

c. Certificación Oficial de Multas Administrativas a Licencia del peticionario Gabriel Colón Valderrama fechado 17 de abril de 2023.

d. Solicitud de Vista Administrativa radicada por la representante legal del peticionario Gabriel Colón Valderrama fechada 17 de marzo de 2023.

4. La parte peticionaria se le había notificado sobre varias violaciones a la Ley de Tránsito se presentó como

prueba la forma DTOP DIS – 292 del Sr. Gabriel Colón Valderrama en la cual arroja una serie de violaciones. La representante de la agencia, Sra. Jessica Angúlo, testificó y presentó comunicación notificada el 10 de febrero de 2023 y dirigida al peticionario Cabriel Colón Valderrama a su dirección postal donde se le notificó suspenderle su certificado de licencia de conducir conforme a la disposición en el Artículo 8.02(J).

5. Además testificó que a base de dichos puntos y en virtud de la Ley 22 del 7 de enero según enmendada conocida como Ley de Vehículo y Tránsito en su Artículo 8.02(J) y el Reglamento 7977 hoy Reglamento 9454 de fecha 10 mayo de 2023 se le suspende de su certificado de licencia de conducir por el término de tres (3) años. Además, se le notifica que de no estar conforme podría apelar solicitando una vista administrativa. Siendo así el señor Colón Valderrama solicita una vista administrativa por conducto de su representación legal, Lcda. María del C. Ojeda Rodríguez fechada 17 de marzo de 2023. Habiéndose radicado la correspondiente solicitud de vista administrativa se procedió a celebrar la misma y se confirma la misma con toda la documentación que se ha hecho mención en la misma.

En virtud de lo anterior, el 5 de septiembre de 2023, el DTOP emitió una *Resolución* que se notificó el mismo día, en la cual acogió la recomendación del *Informe y Recomendación del Oficial Examinador* y adoptó las determinaciones de hechos que se realizaron en este.[4] Así pues, declaró No Ha Lugar la apelación del señor Colón Valderrama y en consecuencia, declaró Ha Lugar la determinación de suspender el certificado de licencia de conducir número 6213429 de este último.

Inconforme, el 5 de octubre de 2023, la parte recurrente presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

**Erró el Departamento de Transportación y Obras Públicas al emitir una determinación final habiéndosele negado y/o coartado tajantemente al Peticionario su derecho constitucional a ser oído en la vista administrativa celebrada el 7 de junio de 2023.**

**Erró el Oficial Examinador del Departamento de Transportación y Obras Públicas al establecer un**

---

[4] Íd., págs. 8-28.

**"ruling" determinado que el DTOP no tenía jurisdicción para ver la vista, impidiéndole a la Parte Peticionaria presentar sus planteamientos en cuanto a los fundamentos de dicho "ruling", contrainterrogar a la funcionaria del DTOP y ejercer su derecho a ser oído.**

**Erró el Oficial Examinador del Departamento de Transportación y Obras Públicas al determinar que la fecha a partir de la cual comienza a decursar el término de (30) días para solicitar la vista administrativa es la consignada en la carta cuando la realidad es que dicho término comienza a transcurrir desde la fecha de su notificación.**

**Erró el Departamento de Transportación y Obras Públicas al concluir en su Resolución emitida y notificada el 5 de septiembre de 2023 que el expediente del caso surge que en la vista se recibió el testimonio y alegaciones de la parte peticionaria cuando ni siquiera se le tomó juramento, no se permitió argumentación alguna para cuestionar el "ruling" del Oficial Examinador sobre ausencia de jurisdicción para entrar en la vista en su fondo y no se le dio oportunidad de contrainterrogar a la testigo del DTOP sobre la notificación de la comunicación fechada el 10 de febrero del 2023.**

**Erró el Departamento de Transportación y Obras Públicas al concluir en la Determinación de Hecho número (4) que a la parte peticionaria se le había notificado sobre varias violaciones a la Ley de Tránsito sin que haya dado la oportunidad alguna al Peticionario de rebatir y argumentar durante la vista administrativa sobre la notificación cursada el 21 de febrero del 2023.**

Atendido el recurso, el 11 de octubre de 2023, emitimos una *Resolución* concediéndole a la parte recurrida hasta el 14 de noviembre de 2023, término final e improrrogable, para que presentar su postura. Posteriormente, el 6 de noviembre de 2023, le ordenamos al DTOP a presentar una copia certificada del expediente administrativo del presente caso. En cumplimiento con nuestra orden, el 10 de noviembre de 2023, el DTOP nos remitió una copia certificada del expediente administrativo. Posteriormente, la parte recurrida presentó un *Escrito en Cumplimiento de Resolución* y negó que el oficial examinador cometiera los errores que señaló el señor Colón Valderrama.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver. *Veamos.*

II.

La Sección 4.1 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG), 3 LPRA sec. 9671, permite que se solicite al Tribunal de Apelaciones la revisión judicial de las decisiones de las agencias administrativas. Dicha revisión tiene como propósito limitar la discreción de las agencias y asegurarse de que estas desempeñen sus funciones conforme a la ley. *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 891-892 (2008).

Sin embargo, los tribunales apelativos han de otorgar gran consideración y deferencia a las decisiones administrativas en vista de la vasta experiencia y conocimiento especializado de la agencia. *Rolón Martínez v. Caldero López*, 201 DPR 26, 35 (2018). Además, es norma de derecho claramente establecida que las decisiones administrativas gozan de una presunción de legalidad y corrección. Íd. Esta presunción de legalidad y corrección "debe ser respetada mientras la parte que la impugne no produzca suficiente evidencia para derrotarla". Íd. La persona que impugne la legalidad o corrección tendrá que presentar evidencia suficiente para derrotar tal presunción, no pudiendo descansar únicamente en meras alegaciones. Íd.

El criterio rector al momento de pasar juicio sobre una decisión de un foro administrativo es la razonabilidad de la actuación de la agencia. *Otero v. Toyota,* 163 DPR 716, 727 (2005). Por tanto, al realizar nuestra función revisora debemos enfocarnos en determinar si la agencia administrativa: (1) erró en aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente; y (3) si lesionó derechos constitucionales fundamentales. *Torres Rivera v. Policía de PR,* 196 DPR 606, 627-628 (2016). De este modo, si al realizar nuestra función revisora no nos encontramos ante alguna de las

situaciones previamente mencionadas, tenemos el deber de validar la determinación realizada por la agencia administrativa. Íd., pág. 628.

Cónsono a lo anterior, la Sec. 4.5 de la LPAUG, 3 LPRA sec. 9675, en esencia, dispone que el alcance de una revisión judicial de una determinación administrativa se circunscribe a determinar lo siguiente: (1) si el remedio que concedió la agencia fue apropiado; (2) si las determinaciones de hechos que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo; y, por último, (3) **si las conclusiones de derecho fueron correctas**. (Énfasis nuestro).

Ahora bien, es de suma importancia precisar que para que el foro apelativo pueda ejercer su función de revisión judicial, es esencial que las agencias administrativas expongan de manera clara sus determinaciones de hechos y las razones para llegar a su determinación final, incluyendo hechos básicos de los cuales, a través de un proceso de razonamiento e inferencia, se derivan de aquellos. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.*, 144 DPR 425, 437-438 (1997). Es decir, el dictamen debe reflejar que dicho organismo ha considerado y resuelto los conflictos de prueba, y sus determinaciones deben de incluir tanto los hechos probados como los que fueron rechazados. Íd. **Consecuentemente, los fundamentos de una decisión no pueden ser *pro forma*. Íd. Estos deben reflejar que la agencia cumplió con su obligación de evaluar y resolver los conflictos de prueba del caso ante su consideración. Íd.** (Énfasis suplido).

A tenor con lo antes expresado, nuestro Más Alto Foro ha establecido que las determinaciones de hechos en los dictámenes finales de las agencias administrativas, "deben ser lo suficientemente definidas para poner a las cortes en posición de revisar inteligentemente la decisión [del organismo administrativo] y

determinar si los hechos tal y como [éste] los encontró probados... ofrecen una base razonable para [su decisión]". *Misión Industrial v. Junta de Planificación*, 146 DPR 64, 152 (1998). **En cuanto a las conclusiones de derecho, "la agencia no puede limitarse a 'recitar' o a repetir frases generales que aparecen en [sus reglamentos o en su ley orgánica] como único fundamento para su decisión". Íd. Así pues, en conclusión, las determinaciones de hechos y las conclusiones de derecho que forman parte de las resoluciones finales de las agencias administrativas no pueden ser *pro forma*.** (énfasis nuestro).

Por su parte, la Sección 4.2 de la LPAUG, 3 LPRA sec. 9672, delimita el alcance de la revisión judicial de las decisiones administrativas y los requisitos formales de dichos dictámenes. Particularmente y en lo pertinente al caso ante nos, la referida sección dispone que una orden o resolución final debe incluir determinaciones de hechos y las conclusiones de derecho que fundamentan la adjudicación y la advertencia del derecho a solicitar una reconsideración o revisión, según sea el caso.

Ahora bien, cabe precisar que, por su parte, el Reglamento Núm. 9459, aplica a los procesos adjudicativos formales que se ventilan en las vistas administrativas que se celebran ante el DTOP cuando se revoque o suspenda cualquier licencia de conducir por acumulación de infracciones en el sistema de puntos para los conductores. En específico, el Art. VI, inciso I (1) dispone que el conductor que no esté de acuerdo con la determinación de suspensión del Secretario podrá, dentro del término de treinta (30) días a partir del recibo de la notificación de intención de suspender, solicitar una vista administrativa o someter un escrito para mostrar causa por la cual no procede la suspensión de su certificado de

licencia de conducir.[5] Así pues, en caso de solicitar una vista administrativa, el Secretario le notificará mediante carta, dentro de un periodo que no excederá noventa (90) días de haber recibido la solicitud, el día, hora y lugar en que tendrá efecto dicha vista.[6] Una vez la determinación de suspensión haya advenido final, ya sea por el mero transcurso de los treinta (30) días sin acción por parte del conductor, por haberse celebrado la vista administrativa o considerado el escrito mostrando causa sosteniéndose la suspensión o revocación, la determinación del Departamento será final y firme.[7]

III.

En el caso ante nos, la parte recurrente nos solicitó la revocación de la *Resolución* que se emitió y notificó el 5 de septiembre de 2023, por el DTOP. Específicamente, en su primer señalamiento de error argumentó que erró el DTOP al emitir una determinación final habiéndole coartado su derecho constitucional a ser oído en la vista administrativa. Además, en su segundo señalamiento de error planteó que erró el oficial examinador del DTOP al establecer que no tenía jurisdicción para ver la vista e impedirle contrainterrogar a la funcionaria del DTOP. Ahora bien, en su tercer señalamiento de error, sostuvo que erró el oficial examinador del DTOP al determinar que la fecha a partir de la cual comienza a transcurrir el término de (30) días para solicitar la vista administrativa era la consignada en la carta, cuando dicho término comenzaba a transcurrir desde la fecha de su notificación.

Por otro lado, en su cuarto señalamiento de error, señaló que erró el DTOP al concluir que del expediente del caso surgía que en la vista se recibió el testimonio y alegaciones de la parte recurrente,

---

[5] Art. VI, I (1) del Reglamento Núm. 9459, *supra.*
[6] Art. VI, I (2) del Reglamento Núm. 9459, *supra.*
[7] Art. VI, I (3) del Reglamento Núm. 9459, *supra.*

aun cuando no se le tomó juramento, ni se permitió argumentación alguna para cuestionar sobre la jurisdicción del Oficial Examinador para atender la vista en su fondo y, no se le dio oportunidad para contrainterrogar sobre la notificación de la comunicación fechada el 10 de febrero del 2023. Por último, impugnó la determinación del DTOP al concluir que se le había notificado sobre varias violaciones a la Ley 22-2000 sin habérsele dado la oportunidad de argumentar durante la vista administrativa sobre la notificación de la carta cursada el 21 de febrero del 2023.

El Art. 27.04 de la Ley Núm. 22-2000 dispone que "todo Reglamento adoptado al amparo de esta Ley deberá cumplir con lo dispuesto en la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como la "Ley de Procedimiento Administrativo Uniforme" o cualquier ley que le sustituya". 9 LPRA sec. 5724. Asimismo, el Reglamento 9459 se adoptó en virtud de varias leyes, entre estas la LPAUG.[8] Dicho lo anterior, el Art. 4.5 de la LPAUG, *supra*, establece que el alcance de una revisión judicial de una determinación administrativa se circunscribe, entre otros asuntos a determinar si las conclusiones de derecho fueron correctas. Por su parte, el Tribunal Supremo de Puerto determinó que la agencia administrativa no puede limitarse a repetir frases generales que aparecen en sus reglamentos o en su ley orgánica como único fundamento para basar su decisión. A su vez, nuestro ordenamiento jurídico dispone que las determinaciones de hechos de las agencias administrativas deben reflejar los hechos probados según la prueba presentada.

En el caso de autos, se celebró una vista administrativa el 7 de junio de 2023 y el oficial examinador que la presidió preparó un *Informe*. Posteriormente, el 5 de septiembre de 2023, el DTOP emitió

---

[8] Art. III, B del Reglamento Núm. 9459, *supra*.

una *Resolución* mediante la cual acogió dicho Informe según redactado, sin realizarle ninguna modificación. Es decir, adoptó las determinaciones de hecho que realizó el oficial examinador y expresó que se recibió el testimonio y las alegaciones de la parte recurrente. Cabe precisar que las determinaciones de hechos que realizó el oficial examinador, la cuales fueron acogidas por el DTOP, se enfocaron en aspectos procesales del caso. No obstante, no se emitieron determinaciones de hechos basadas en la prueba presentada por las partes del caso. Además, en la parte de conclusiones de derecho, el recurrido citó las disposiciones pertinentes a la LPAUG, la Ley Núm. 22-2000 y el Reglamento 9459 como único fundamento para basar su decisión. Entiéndase, el DTOP no fundamentó sus conclusiones de derecho según la prueba presentada en la vista que se llevó a cabo el 7 de junio de 2023.

Nótese que, el Reglamento 9459 no establece la forma en la cual la agencia administrativa debe disponer sobre la controversia. No obstante, reiteramos que el Art. 27.04 de la Ley Núm. 22-2000, 9 LPRA sec. 5724, dispone que todo Reglamento debe cumplir con la LPAUG. Por tanto, si bien es cierto que el señor Colón Valderrama tiene derecho a solicitar la revisión judicial ante este foro, nos vemos imposibilitados de realizar un análisis exhaustivo de la controversia, toda vez que el dictamen recurrido carece de adjudicación del derecho a los hechos procesales del caso, lo cual no nos permite ejercer nuestra función revisora, según establece la LPAUG.

En vista de lo antes expresado, cuando la agencia emita su determinación final, también deberá cumplir con los postulados de la LPAUG, *supra,* la Ley Núm. 22-2000, *supra,* el Reglamento Núm. 9459, *supra,* y la jurisprudencia aplicable. Es decir, deberá formular determinaciones de hechos suficientemente definidas que permitan que los tribunales ejerzan su función de revisión judicial. Además, sus conclusiones de derecho deben ser el resultado de un análisis

que interprete las normas legales aplicables a la luz de los hechos probados. Enfatizamos que una decisión administrativa no puede sostenerse con fundamentos *pro forma,* y debe evitar la repetición de frases genéricas provenientes de sus reglamentos o ley orgánica como único fundamento para una decisión. *Misión Industrial v. Junta de Salario Mínimo,* supra, pág. 152.

Debido al incumplimiento de la *Resolución* con la LPAUG, prescindimos de la discusión del resto de los errores planteados. Dicho lo anterior, procede revocar la resolución que se emitió y notificó el 5 de septiembre de 2023. Por tanto, devolvemos el caso al DTOP para que emita un dictamen conforme a las disposiciones de la LAPUG, en específico los Arts. 4.1, 4.2 y 4.5. Por último, aclaramos que mediante este dictamen no estamos prejuzgando en sus méritos la suspensión de la licencia de conducir del recurrente.

IV.

Por los fundamentos antes expuestos, **REVOCAMOS** el dictamen recurrido y **DEVOLVEMOS** el caso a la agencia administrativa para que resuelva según lo aquí dispuesto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones